IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 8, 2026 Session

## STATE OF TENNESSEE v. JOSEPH TRENT MCGREGOR

**Appeal from the Circuit Court for Carroll County**
**No. 24-CR-121     Bruce Irwin Griffey, Judge**

_____

**No. W2025-00844-CCA-R3-CD**

_____

The Defendant, Joseph Trent McGregor, was convicted by a Carroll County Circuit Court jury of evading arrest, a Class E felony; and resisting arrest, a Class B misdemeanor; and was sentenced by the trial court as a Range II offender to an effective term of four years in the Tennessee Department of Correction. The Defendant raises a single issue in this appeal: whether the trial court erred in refusing the Defendant's request for special jury instructions on pretextual stops, unlawful detentions, and attempted unlawful arrests. We conclude that the Defendant has waived our consideration of the issue based on the inadequacy of his brief, which fails to provide any meaningful argument or appropriate references to the record. Accordingly, we affirm the judgments of the trial court.[1]

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and CAMILLE R. MCMULLEN, J., joined.

Terry J. Leonard, Camden, Tennessee, for the appellant, Joseph Trent McGregor.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Neil Thompson, District Attorney General; and Michael Thorne, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

---

[1] This case was argued in the historic courtroom at the Cecil C. Humphreys School of Law at the University of Memphis.

## FACTS

On the night of January 8, 2024, Corporal Chance Townes of the Carroll County Sheriff's Department, a K-9 officer who had received a tip that the Defendant might be bringing drugs into the jail, waited for the Defendant outside the jail in his patrol vehicle. Two other deputies waited with Corporal Townes. The Defendant picked up the Defendant's girlfriend from the jail, and Corporal Townes and the two deputies began following the Defendant's pickup truck in their patrol vehicles. At some point, another law enforcement officer joined them.

When the Defendant crossed the fog line of the road, Corporal Townes initiated a traffic stop based on the Defendant's failure to maintain his lane. The Defendant pulled over and provided his driver's license but refused Corporal Townes' repeated commands to exit the truck. Approximately thirty minutes later, the Defendant drove off with law enforcement officers in pursuit. After a brief high-speed chase, the law enforcement officers brought the Defendant to a stop by blocking his truck with their patrol vehicles. The Defendant continued to resist commands to exit the truck, even after being shot in the arm by an officer. No drugs were found in the Defendant's truck. The Defendant was subsequently indicted for felony evading arrest in a motor vehicle and misdemeanor resisting arrest. At the conclusion of his jury trial, the Defendant was convicted of both counts as charged in the indictment.

## ANALYSIS

Under the heading in his appellate brief entitled, "ISSUES PRESENTED FOR REVIEW[,]" the Defendant lists two issues: whether the trial court "erred in [O]verruling the Defendant's Motion to Dismiss[,]" and whether the trial court "erred in refusing to charge the jury as to last paragraph in jury instructions as to Evading Arrest and Defendant's Special Request." The Defendant does not mention the first issue again in his brief, and at oral argument, he conceded that he was withdrawing that issue.

As for the Defendant's challenge to the adequacy of the jury instructions, the State argues that the Defendant has waived the issue for failing to support it with any meaningful legal argument. We agree. The argument section of the Defendant's brief consists of a series of quotations from case law and statutes on general principles regarding jury instructions, evading arrest, pretextual stops, unlawful detention, traffic stops, and when an officer shall issue a traffic citation in lieu of an arrest. There are no references to the record, and the only argument consists of the following conclusory paragraph:

> Based upon the State of Facts in the case at bar, it is abundantly obvious that the theory and evidence supported the charging of said requested

charges of instructions, as well as the defense paragraph at the conclusion of the charge for evading arrest. The Court committed error in refusing each and every defense requested charge, thus committing reversible error in the case at bar.

A defendant who fails to make an argument on an issue or appropriate citations to the record waives the issue on appellate review. *See* Tenn. R. App. P. 27(a)(7) (requiring the appellant to set forth his contentions "with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record"); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). The Defendant's brief does not even clearly identify his issues, much less provide any meaningful argument or appropriate reference to the record in support of the argument. As the State points out, it is not the duty or function of this court to "construct developed arguments from [a defendant's] conclusory statements[,]" "make assumptions about the extent of [a defendant's] requests for relief," or "examine the record for relevant testimony, evidence, and information necessary to address and resolve those arguments in the context of the applicable law and proper standards of appellate review." *State v. Cunnigham*, No. M2023-00909-CCA-R3-CD, 2024 WL 3634259, at *3 (Tenn. Crim. App. Aug. 2, 2024). We, therefore, conclude that the Defendant has waived appellate review of the issue.

## CONCLUSION

Because the Defendant's brief does not comply with Tennessee Rule of Appellate Procedure 27(a)(7), we conclude that he has waived appellate review. Accordingly, we affirm the judgments of the trial court.

s/ JOHN W. CAMPBELL
JOHN W. CAMPBELL, SR., JUDGE

- 3 -